UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIMMY MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:06-CV-575 WL |
| | ) |
| WALTER E. MARTIN, | ) |
| | ) |
| Respondent. | ) |

*OPINION AND ORDER*

Jimmy Morris, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90 day loss of good time in case MCF 06-08-0025 on August 8, 2006 by the Conduct Adjustment Board at the Miami Correctional Facility.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Morris was found guilty of being a habitual rule violator which requires that he have four class A, B, or C violations within the prior six months. Mr. Morris argues that he had six such violations in the prior six months. As listed on his Conduct Report, he had two class C violations on April 19, 2006, another class C on May 8, 2006 and June 18, 2006, and then two class B violations on August 1, 2006. Mr. Morris does not dispute that he has six violations in less than four months, indeed that is his very argument. He believes that because they did not charge him has a habitual violator when he got his fourth charge, he somehow

became immune from subsequent charge. While such grace at the time of the fourth conduct report could benefit an inmate who refrained from violating the rules for long enough that his prior six months no longer contained four violations, Mr. Morris did not wait. Though there was nothing wrong with the conduct report listing all six violations which had occurred within the prior six months, it could have omitted the two oldest and only listed the four most recent beginning with the May 8, 2006 incident.

Finally, Mr. Morris argues that filing a habitual violator charge after the sixth, rather than the fourth incident, is a violation of the Adult Disciplinary Policy. Though it is difficult to believe that this true, it is unnecessary to resolve the requirements of the prison policy. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether it was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: October __10__, 2006

                                                   s/William C. Lee  
                                                   William C. Lee, Judge  
                                                   United States District Court